UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>KYN K. NAOPE,<br><br>　　　　Defendant. | No.　2:15-cr-0133-GEB<br><br>**ORDER** |

Pretrial Services emailed chambers of the undersigned judge inquiring whether Mr. Naope has to self-surrender to Bureau of Prisons today, and stating that defendant's attorney, Mr. Katz, contacted and informed Pretrial Services that Mr. Katz does not believe Mr. Naope has to self-surrender today. The undersigned judge has, in an earlier order, denied Mr. Naope's motion for a stay while this court considers his motion for bail pending appeal. Order Denying Stay, ECF No. 71 (noting a lack of any "statute, case, or rule which gives the district court the power to grant a stay in this instance"). Mr. Naope has, however, filed a similar motion for bail pending appeal before the Ninth Circuit, and Ninth Circuit Rule 9-1.2 (Release Pending Appeal) provides that "[i]f the appellant is on bail at the time the motion is filed in [the Ninth Circuit], that bail will remain

1

in effect until the [Ninth Circuit] rules on the motion." Fed. R. App. P. Ninth Cir. R. 9-1.2(e). The question, then, is whether Mr. Naope's last-minute filing in the Ninth Circuit — made before this court has had an opportunity to rule on a similarly last-minute filing before this court — is sufficient to trigger the automatic stay provided by Rule 9-1.2. Pending action by the Ninth Circuit, the undersigned judge finds that Mr. Naope's filing of his motion for bail pending appeal before the Ninth Circuit is not sufficient to trigger Rule 9-1.2's protections.

Rule 9-1.2 requires the defendant-appellant include "the district court's bail order" and "a transcript of the proceedings had on the motion for bail made in the district court." Fed. R. App. P. Ninth Cir. R. 9-1.2. Federal Rule of Appellate Procedure 9 itself makes clear that the purpose of the motion before the Ninth Circuit is to request review. Fed. R. App. P. 9 ("A party . . . may obtain review of a district-court order regarding release after a judgment of conviction by filing a notice of appeal from that order in the district court, or by filing a motion in the court of appeals if the party has already filed a notice of appeal from the judgment of conviction."). Because the district court has not yet acted, owing to the late date on which Defendant filed his motion, there is nothing yet for the Ninth Circuit to review. Although Ninth Circuit Rule 9-1.2 contemplates an automatic stay when a motion for bail pending appeal has been filed before that court, the Ninth Circuit has made clear that this is only where the provisions of Ninth Circuit Rule 9-1.2 have been met. See United States v. Cordero,

992 F.2d 985, 987 (9th Cir. 1993) ("Because [Defendant-Appellant] has failed to comply with Rules 9-1.2(a)-(b) she is not entitled to the benefit of the automatic stay provision of Rule 9-1.2([e]).") Here, those provisions have not been met; in fact, they cannot be met before the district court issues an order on the recently filed motion before this court. Therefore, Defendant has not shown that the automatic stay provision applies to his situation, and he must self-surrender.

Dated: January 5, 2018

GARLAND E. BURRELL, JR.
Senior United States District Judge