UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>  v.<br><br>KYN NAOPE,<br><br>    Defendant. | No. 2:15-cr-133-GEB<br><br>**ORDER DENYING BAIL PENDING APPEAL** |

Defendant Kyn Naope ("Defendant") seeks bail pending appeal under 18 U.S.C. § 3143(b). Bail Mot., ECF No. 70. Two days before Defendant was required to self-surrender for the service of his prison sentence, he filed the motion sub judice for bail pending appeal. The United States of America ("the Government") opposes the motion. A day after the bail motion was filed in the District Court, Defendant filed a motion in the Ninth Circuit for bail pending appeal. Defendant's surrender date has been stayed by the Ninth Circuit under the automatic stay provision in Ninth Circuit Rule 9-1.2(e). Order, Dkt. No. 6, United States v. Naope, No. 17-10444 (Jan. 5, 2018).

A defendant seeking bail pending appeal must show:

> (A) by clear and convincing evidence [he] is not likely to flee or pose a danger to the safety of any other person or the community if released . . . and
>
> (B) that the appeal is not for the purpose of delay and raises a substantial question of

1

law or fact likely to result in—

>    (i) reversal,
>
>    (ii) an order for a new trial,
>
>    (iii) a sentence that does not include a term of imprisonment, or
>
>    (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

18 U.S.C. § 3143(b)(1).

"[A] 'substantial question' is one that is 'fairly debatable,' or 'fairly doubtful,'" United States v. Handy, 761 F.2d 1279, 1283 (9th Cir. 1985) (internal citations omitted); "In short, a 'substantial question' is one of more substance than would be necessary to a finding that it was not frivolous," Id. (citing United States v. Giancola, 754 F.2d 898, 901 (11th Cir. 1985)).

The parties dispute whether the appeal is for the purpose of delay and whether Defendant has "presented a substantial question of law or fact on appeal likely to result in reversal, a new trial, a sentence without imprisonment, or a reduced sentence to a term of time-served plus whatever time the appeal takes." Gov't's Opp. at 4:25-28.

Defendant argues he should be granted bail because his appeal raises substantial questions concerning whether his trial counsel (1) failed to correct "the misleading impression that [Defendant] was responsible for a loss in excess of 2.5 million dollars," Mot. Bail Pending Appeal 5:19-20; (2) "fail[ed] to argue and show that a role enhancement was unwarranted," id. at

2

7:7-8; (3) failed to "object to the sophisticated means enhancement," id. at 13:2-3; and (4) "failed to point out that Criminal History Category II overstates [Defendant]'s criminal history," id. at 15:6-7.

The Government argues that United States v. Nunez, 223 F.3d 956 (9th Cir. 2000), precludes the direct appeal in this case. Gov't Opp'n 5:7-12. The Ninth Circuit states in Nunez:

> Generally, courts will enforce a defendant's waiver of his right to appeal if (1) the language of the waiver encompasses the defendant's right to appeal on the grounds claimed on appeal, and (2) the waiver is knowingly and voluntarily made . . . . When Nunez waived his statutory right to appeal his sentence, he implicitly waived his right to argue ineffective assistance of counsel involving the sentencing issue on direct appeal, because an appeal that includes an ineffective assistance of counsel at sentencing argument is still an appeal from one's sentence.

223 F.3d 958-59 (internal citations omitted).

Defendant's plea agreement, which he signed, contains the following waiver of rights:

> The defendant understands that the law gives the defendant a right to appeal his guilty plea, conviction, and sentence. The defendant agrees as part of his plea, however, to give up the right to appeal the guilty plea, conviction, and the sentence imposed in this case. The defendant specifically gives up the right to appeal any order of restitution the Court may impose.
>
> Notwithstanding the defendant's waiver of appeal, the defendant will retain the right to appeal if one of the following circumstances occurs: (1) the sentence imposed by the District Court exceeds the statutory maximum; and/or (2) the government appeals the sentence in the case. The defendant understands that these circumstances occur infrequently and that in almost all cases this Agreement constitutes a

3

>                complete waiver of all appellate rights.
>
>                In addition, regardless of the sentence the
>                defendant receives, the defendant also gives
>                up any right to bring a collateral attack,
>                including a motion under 28 U.S.C. § 2255 or§
>                2241, challenging any aspect of the guilty
>                plea, conviction, or sentence, except for
>                non-waivable claims.

Plea Agreement 8:16-28, ECF No. 40.

The District Judge discussed this waiver with Defendant during his change of plea hearing:

>                THE COURT:   . . . [M]y understanding, based
>                upon what the prosecutor has said is that in
>                your plea agreement, you have waived your
>                right to appeal and otherwise challenge
>                anything that happens during this proceeding
>                and your sentencing proceeding, as stated in
>                your plea agreement. Have you knowingly
>                given up those rights in your plea agreement?
>
>                THE DEFENDANT:   Yes, sir.

Tr. Change of Plea Hr'g. at 12:3-9, ECF No. 57.

Defendant argues this waiver language and Nunez are inapplicable:

>                First, Nunez claimed his attorney was
>                ineffective in plea negotiations, not at
>                sentencing. His waiver in the plea agreement
>                reasonably would be construed to waive claims
>                about events that pre-dated the waiver.
>                Here, by contrast, [Defendant]'s claims are
>                based on counsel's post-waiver
>                ineffectiveness and other errors that
>                occurred months after the guilty pleas.
>                Second, Nunez did not hold that a waiver bars
>                all claims of ineffectiveness. On the
>                contrary, the Nunez court wrote, "We do not
>                decide whether a defense counsel's
>                incompetence may be so egregious as to render
>                a defendant's waiver involuntary, thereby
>                permitting an ineffective assistance claim on
>                direct appeal."

Mot. Bail Pending Appeal 4:8-18 (citations omitted).

Defendant's argument that he would satisfy Nunez's

voluntariness exception for his pre-waiver arguments is conclusory, see United States v. Montoya, 908 F.2d 450, 451 (9th Cir. 1990) ("We simply cannot evaluate the merits of arguments that have not been set forth."), and what Defendant indicates is post-waiver ineffectiveness disregards what the parties agreed to in their plea agreement.[1] In light of what is contained in the plea agreement, Defendant has not presented a fairly debatable question on the ineffectiveness of his trial counsel.

The parties' estimated in their plea agreement, but did not stipulate, that Defendant's criminal history would be what is stated in the PSR. Compare Plea Agreement 8:1–2, with Presentence Investigation Report 8 ¶ 38, ECF No. 46. The parties also estimated in their plea agreement that the "loss amount [is] between $1.5 and $3.5 million." Plea Agreement 7:22. This loss range is repeated in the PSR, see Presentence Investigation Report 5 ¶ 11, and is the basis for increasing Defendant's offense level by sixteen points in the PSR under USSG § 2B1.1(b)(1)(I), see id. at 6 ¶ 19. The plea agreement contains the parties' estimate that two points will be added to Defendant's offense level in the guideline calculation "based on sophisticated means through the use of multiple shell companies,"

---

[1] For instance, while arguing that trial counsel should have objected to the sophisticated means enhancement, Defendant states "Mitchell, not [Defendant], used Sona (and other shell companies) to conduct his crime. Moreover, there is no evidence that [Defendant] used any shell company in committing his offense." Mot. Bail Pending Appeal 14:7–8. The factual basis for plea, which Defendant signed, evinces that two individuals "stated that [Defendant] had recruited them as fictitious employees for Sona Entertainment and Money Alley and told them that they could get more money by recruiting additional individuals." Plea Agreement Factual Basis at A-1:26-27, ECF No. 46-1. The factual basis also states that on Defendant's computer, "agents located spreadsheets listing the fake employees of Money Alley and Sona Entertainment and the individuals charged with 'managing' those fake employees." Id. at A-1:21-22.

5

Plea Agreement 7:23-24, and the PSR reflects this, Presentence Investigation Report 6 ¶ 20. The parties also estimated in the plea agreement the same four-point offense level adjustment for Defendant's role in the offense about which Defendant complains. Compare Plea Agreement 7:24-26, with Presentence Investigation Report 6-7 ¶ 24. The plea agreement "leave[s] this specific adjustment open to argument at the time of sentencing," Plea Agreement 7:24-26, but the following portion of Defendant's factual basis for the plea agreement, which Defendant signed, indicates Defendant's role in the offense is not fairly debatable:

> [Defendant] recruited individuals to pose as ficititous (sic) employees of . . . companies both by personally approaching an individual and recruiting a "manager" to recruit as many individuals as possible. . . .
>
> . . . .
>
> . . . [Defendant] admitted to recruiting others to participate in the scheme. . . .
>
> Law enforcement interviewed two other individuals implicated in this scheme. Both of those individuals stated that [Defendant] had recruited them as fictitious employees for Sona Entertainment and Money Alley and told them that they could get more money by recruiting additional individuals. Both of the individuals recruited more people for [Defendant] and provided a portion of the UI benefits to him upon receipt.

Plea Agreement Factual Basis at A-1:14-28, ECF No. 46-1.

The Government further argues that Defendant's "claim will certainly be rejected as premature," Gov't Opp'n at 5:11-12, because ineffective assistance of counsel claims must frequently be brought in a collateral attack, id. at 5:12-18 (collecting cases). "Generally, [the Ninth Circuit] do[es] not consider

ineffective assistance claims on direct appeal," United States v. Leasure, 319 F.3d 1092, 1099 (9th Cir. 2003), but the claim will be reviewed "if the factual record is sufficiently developed, or . . . the legal representation is so inadequate that it obviously denies a defendant his Sixth Amendment right to counsel," United States v. Henderson, 243 F.3d 1168, 1174 (9th Cir. 2001) (internal quotation marks and citation omitted).

The Government argues fact finding will be necessary because "the record does not reveal why prior counsel acted as he did, how [Defendant] was in fact prejudiced by prior counsel's actions given the negotiated plea contemplating the government's recommending the exact sentence [Defendant] received, or whether counsel even acted as [Defendant] claims he did." Gov't Opp'n at 5:21-24. Defendant counters in his reply brief that the record is already sufficient for decision, that there is no need to hear from trial counsel, and that challenging the guideline calculations could only have helped him. See Reply 5:24-10:9.

"Ordinarily [ineffective assistance of counsel] claims . . . are not reviewed on direct appeal. Challenge by way of a habeas corpus proceeding is preferable as it permits the defendant to develop a record as to what counsel did, why it was done, and what, if any, prejudice resulted." United States v. Pope, 841 F.2d 954, 958 (9th Cir. 1988) (internal citations omitted). Such a record is frequently needed to adjudicate the objective unreasonableness of trial counsel's representation in light of courts having to "apply a 'strong presumption' that counsel's representation was within the 'wide range' of reasonable professional assistance." Harrington v. Richter, 562

7

U.S. 86, 104 (2011) (quoting Strickland v. Washington, 466 U.S. 668, 689 (1984)). Since Defendant has not shown that the present record is adequate for direct appeal, the appeal does not raise a substantial question of law or fact.

For the foregoing reasons, the motion is denied. However, this ruling has no bearing on when Defendant surrenders for the service of his sentence in light of the automatic stay provision in Ninth Circuit Rule 9-1.2(e) and the Ninth Circuit's order granting a stay on that basis.

Dated: February 8, 2018

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge