UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 2:15-cr-00133-KJM |
| Plaintiff, | |
| v. | ORDER |
| KYN NAOPE, | |
| Defendant. | |

Defendant Kyn Naope, represented by the Federal Defender's Office, moves for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i), citing the burdens of the COVID-19 pandemic on him and his two sons. Mot., ECF No. 94. The government opposes the motion. Opp'n, ECF No. 98. For the following reasons, the motion is DENIED.

Mr. Naope pleaded guilty to one count of conspiracy to commit mail fraud for his part in a $2.5 million scheme. Plea, ECF No. 40; Indictment, ECF No. 1 at 3. He was sentenced to a term of 60 months' incarceration and 36 months' supervised release. ECF Nos. 51, 53. He has served approximately fifty percent of his sentence of incarceration. Opp'n at 3; Mot. at 2.

While Mr. Naope is serving his term of incarceration, his two sons who are 13 and 5 years old, are under the care of a family friend, Marie Archer. Mot. at 4. Ms. Archer took over as caregiver because Mr. Naope is a single father and the boys were suffering from neglect with their previous caregiver. *See* Mot. at 3–9; *see generally* Declaration of Marie-Lise Sagine Archer

1

(Archer Decl.), ECF No. 94-2.  Ms. Archer also has a son of her own, and she is managing all three boys' education while school is being conducted remotely due to the risk of COVID-19 outbreaks.  *See* Mot. at 7–8; Archer Decl.  While Ms. Archer was diagnosed with breast cancer about eight years ago, with medical treatment she has been in remission since before Mr. Naope was sentenced.  Archer Decl. ¶ 35.

Mr. Naope asks the court to release him under 18 U.S.C. § 3582(c)(1)(A) so that he can help care for his children.  While his request is based on a number of considerations, he points to one consideration as Ms. Archer's history of an uncommon form of breast cancer, which she represents would increase the risk she would experience serious complications if she were to contract COVID-19; as a result Mr. Naope's children could be left without care.  *See* Mot. at 11–14; Archer Decl. ¶ 35.

Under § 3582(c), if a defendant has first exhausted administrative remedies, statute provides the court must find there are "extraordinary and compelling reasons" in order to grant a compassionate release request.  18 U.S.C. § 3582(c)(1)(A).  The court also considers the sentencing factors set forth at § 3553(a) to the extent they are applicable, and whether the defendant would pose "a danger to the safety of any other person or to the community" if released.  *United States v. Numann*, No. 3:16-CR-00025-TMB, 2020 WL 1977117, at *2 (D. Alaska Apr. 24, 2020) (citing U.S.S.G. § 1B1.13(2)).

Here, there is no dispute Mr. Naope has exhausted his administrative remedies.  And he makes a strong case that it would be better for his children if he were released.  But he has not shown his request is supported at this juncture by the required extraordinary and compelling circumstances.  Although "[t]he death or incapacitation of the caregiver" is an example of "extraordinary and compelling circumstances" that might conceivably support Mr. Naope's motion, *see* U.S.S.G. § 1B1.13(1)(C)(i),[1] nothing in the present record allows the court to assess independently whether Ms. Archer's history of cancer actually increases her risk of

---

[1] This court has previously found U.S.S.G. § 1B1.13(1)(C)(i) is not binding after the passage of the First Step Act, but considers it as guidance in deciding COVID-19 compassionate release cases.  *See United States v. Bradley*, No. 2:14-cr-00293-KJM, 2020 WL 3802794, at *2–3 (E.D. Cal. July 7, 2020).

serious side effects if she contracts COVID-19, let alone her actual risk of contracting the disease or her incapacitation as a result.  Judges are not medical experts and cannot make their own medical judgments.  *See United States v. Dailey*, No. 2:13-cr-00118 KJM, 2020 WL 4504449, at *2 (E.D. Cal. Aug. 5, 2020) (declaration found insufficient to demonstrate existence of medical condition with known risk); *see also United States v. Fuller*, 461 F. Supp. 3d 1046, 1051 (W.D. Wash. 2020).  It appears even medical experts may be unsure "whether having a history of cancer increases your risk" in the face of COVID-19.  *See* Centers for Disease Control, Coronavirus Disease 2019 (COVID-19), People with Certain Medical Conditions.[2]

Though the lack of evidence before the court is fatal to Mr. Naope's motion, the court cannot rule out the possibility Mr. Naope could cure the record with declarations from medical professionals, medical records or some other reliable evidence showing Ms. Archer is in fact at an increased risk.  Without answering that question or reaching any other question posed by the pending motion, the court DENIES the motion without prejudice.  This order resolves ECF No. 94.

IT IS SO ORDERED.

DATED: November 9, 2020.

CHIEF UNITED STATES DISTRICT JUDGE

---

[2] *See* https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html?CDC_AA_refVal=https%3A%2F%2Fwww.cdc.gov%2Fcoronavirus%2F2019-ncov%2Fneed-extra-precautions%2Fgroups-at-higher-risk.html) (accessed on October 8, 2020).